By the Court.—Gildersleeve, J.
This action was brought to recover damages for the breach of a building contract. Messrs King & Small, architects, at the request of plaintiffs, had prepared plans and specifications, setting forth the character and extent of the mason and stone work required to be done. These plans and specifications were given into the possession of the defendants to enable them to estimate the cost of the work, and make a bid therefor. The defendants had no other information as to the nature of the work or materials necessary for the same. Their estimate was based thereon, and they agreed with plaintiffs to do the work for $5,827, “ in accordance with said plans and specifications.” The work consisted of alterations for *321 the purpose of changing certain dwellings into stores. The defendants entered upon the performance of their contract by commencing to take down the fronts of the dwellings and doing such preliminary work as was necessary before the work of reconstruction called for by the plans and specifications began. When the value of the work thus done had reached the sum of $114.15, as defendants claim, the defendants refused to continue the work and complete the contract. At this stage of the work, but prior to such refusal, the “ detailed drawings ” or “ working plans,” prepared by the architects, were placed in the hands of the defendants. The defendants claimed there was a substantial variance between the “ working plans ” and the “ elevation plans,” upon which they had estimated ; that the “ working plans ” called for two inches higher sills, an addition of four to four and a half on the cornices, and other variations involving much greater expense, whereby the value of the work was increased $950. The plaintiffs insisted upon the defendants working according to the plans as altered, and performing the extra work as part of their original contract, without extra compensation. This the defendants refused to do, for the reasons above stated, claiming that this insistance of the plaintiffs was an attempt to arbitrarily modify the agreement, without defendants’ consent. The plaintiffs procured other parties to do the work at a cost over and above the contract price with the defendants of $923, and brought this action for a breach of contract, setting up the said sum of $923, as the measure of damages. The answer is a substantial admission of the agreement, an averment that the defendants entered upon the performance of the work thereunder, and an allegation “ that the drawings given to them to estimate on, called the front elevation plans,’ were changed in the detailed or ‘ working drawings,’ so as to materially increase the amount of work to be done,” and sets up a counter-claim of $114.15 *322 for work done prior to their abandonment thereof. To this counter-claim the plaintiffs duly replied. The trial proceeded for the purpose of determining the rights of the plaintiffs to the former sum, or any part thereof, and the rights of the defendants to the latter sum, or any part thereof.
The defendants had a right to refuse to continue under their contract, if the work which the plaintiffs required under the “ working plans ” was substantially different from that which had been submitted to them and upon which they made their estimate. If the defendants could establish this, there was no breach of contract on their part, and hence no cause of action in the plaintiffs; and if this right to abandon their contract was satisfactorily established by a preponderance of evidence, the defendants were entitled to recover under their counter-claim. Was there a substantial variance? This ‘disputed question was submitted to the jury by the learned trial judge, with perfect fairness to the litigants, and with .a -concise, clear and accurate statement of the law applicable thereto. The jury were at liberty to, and under the evidence properly could, render a verdict for either the plaintiffs or defendants. Their verdict under the charge, which we have already said was correct in this respect, depended upon the conclusion that they reached as to the degree of variance. The jury found .in favor of the plaintiffs, and assessed the damages at $800. ....
.... But the learned trial judge, in his charge to the jury on the question of defendants counter-claim, used the following language: " So far as the defendants’ counter-claim is concerned, it seems to me that when they discovered that these plans were different from what they supposed they were, if they did discover that, that they had what is called in law a locus jocenitentice —place for repentance—had time for repentance : they could either go on with the contract, or go off. They *323 chose to go off; so I think that is about the end of their counter-claim, and the question gets right back to this question of whether the variations were material,” etc. The defendants duly excepted to this portion of the charge, and also to the refusal of the learned judge to submit the counter-claim to the jury.
On the disputed question as to the degree of variance, the learned judge said in his charge to the jury : “ If you find that there was a material and substantial difference, one not justified by the usages and customs of the trade, and that the defendants and their sub-contractors were in consequence deceived to their injury—induced to take a job and make a bid they never would have taken or given—the defendants had the right to withdraw from their contract, and are entitled to a verdict, in their favor.”
The defendants were entitled in this connection to have their counter-claim submitted to the jury for determination. The court should have instructed the jury substantially as follows: That in the event of their reaching the conclusion that there was a substantial variance between the “ working plans ” and the “ elevation plans,” and therefore that the defendants were justified in abandoning their contract, that it would then be their duty to determine the defendants’ right to the counter-claim.
It was error, therefore, on the part of the trial judge to refuse to submit to the jury the question arising upon the counter-claim, as herein stated. But in view of the facts established by the verdict, the error is not available to the defendants. The verdict established that there was no substantial variance, and that the defendants were not justified in abandoning their contracts. From this it follows that the jury never reached the question relating to the counter-claim ; and that, even if they had been correctly instructed in respect to it, they would have been bound to disallow the counter-claim.
*324 The judgment and order appealed from are affirmed, with costs.
Freedman, P. J., concurred.